### JASSY *v.* MARCINIAK.

1. Chattel Mortgages—Assignments—Rights of Assignee.

   Assignment of chattel mortgage and debt which it secures will generally invest assignee with all rights and powers which were possessed by mortgagee, and assignee stands in same position as to mortgagor, or his donee, as did mortgagee, and same rights and obligations exist between them.

2. Bills and Notes—Notice of Dishonor—Waiver—Chattel Mortgages.

   Where mortgagee sold chattel mortgage, indorsing promissory notes given by mortgagor, and thereafter disclaimed any interest in said mortgage or notes, no right to presentment, demand, or notice of dishonor was thereby waived.

3. Chattel Mortgages—Assignments—Right of Assignee to Judgment for Deficiency against Assignor.

   Purchaser of chattel mortgage and notes given in connection therewith is not entitled to judgment for deficiency against mortgagee, in absence of any promise other than indorsement of notes, where notice of dishonor was neither given nor waived.

Appeal from Wayne; Boomhower (Xenophon A.), J., presiding. Submitted April 7, 1932. (Docket No. 38, Calendar No. 35,754.) Decided October 3, 1932.

Assumpsit by Henry Jassy against Antonina Marciniak as indorser of promissory notes and as-

signor of chattel mortgage for deficiency. Judgment for plaintiff. Defendant appeals. Reversed.

*Leon Dreifuss,* for plaintiff.

*Anthony Nelson,* for defendant.

POTTER, J. Plaintiff sued defendant to recover judgment for the amount of deficiency arising from the failure of chattel mortgaged property to bring at foreclosure sale the amount of the chattel mortgage claim. The declaration also contained a count in tort, but the case was not presented to the trial court upon that theory, but upon the right to recover the amount due upon the promissory notes involved.

Defendant sold to one Krause certain personal property for $1,650, taking in part payment therefor a chattel mortgage to secure the payment of 50 promissory notes of $25 each. Defendant sold plaintiff the chattel mortgage and notes and indorsed the notes when she assigned the chattel mortgage. Default was made in the payment of the notes whose payment was secured by the chattel mortgage in question; the chattel mortgage foreclosed; the property sold for less than the amount due, and thus a deficiency accrued, to recover which plaintiff below sought judgment; no contention being made to the trial court he was entitled to a judgment on the count for tort. From a judgment for plaintiff, defendant appeals.

Appellant claims there was an absolute sale of the chattel mortgage and notes to plaintiff, and defendant is not liable.

"An assignment of a chattel mortgage and the debt which it secures will generally invest the assignee with all the rights and powers which were possessed by the mortgagee, and he stands in the same position as to the mortgagor, or a donee of the

mortgagor, as did the mortgagee, and the same rights and obligations exist between them." 11 C. J. p. 666.

Defendant indorsed the several promissory notes, at the time the chattel mortgage was assigned to plaintiff, by writing her name on the back thereof. There was no formal waiver of presentment, demand, and notice of dishonor. Plaintiff says none was necessary. He claims defendant waived them. This claimed waiver of defendant of presentment, demand, and notice of dishonor is based upon the testimony of Angelo Di Pietro, who said:

"I have worked for Mr. Jassy about a year. I had something to do with Mrs. Marciniak. I was sent over there several times to collect and to give notice that we could not collect from Krause. She said that she was not interested any more and that she had sold it again she would not take the place back or pay the notes. That is all I know. I went there several times to collect. I don't know anything about the chattel mortgage, I was just sent over there to collect. After I could not collect from Krause they sent me over to Mrs. Marciniak. She said she would not pay it. Once they gave me a letter and she told me she was sick at that time but that she would talk it over with her attorney and come over to the office in a day or two. She never came that I know of."

There is no evidence plaintiff was deceived, misled, or lulled into a sense of security by defendant. Plaintiff had no promise but the original indorsement. Defendant waived no rights. *Mellen-Wright Lumber Co.* v. *McNett*, 242 Mich. 369. Judgment reversed, with costs. Remanded, with direction to enter judgment for defendant.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.